SDNY PRO SE OFFICE
2018 JUL 10 PM 12:20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YŪSUF MALIK ASHFORD

Write the full name of each plaintiff.

18 CV 6259

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☑ Yes ☐ No

MARCUS HOED (OWNER), JENNIFER ERDAY (H.R.) JENNA SICKINGER (H.R.), ALFRED MORGAN (MANAGER) DUTCH EXPRESS, LLC

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

YŪSUF M ASHFORD

First Name / Middle Initial / Last Name

78 BOYD STREET APT. 1

Street Address

STATEN ISLAND / NEW YORK / 10304

County, City / State / Zip Code

(843) 591-4743

Telephone Number

yusufmalik.mail@gmail.com

Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: MARCUS HOED

Name

100 AVENUE OF THE AMERICAS, 17th FLOOR

Address where defendant may be served

NEW YORK / NEW YORK / 10013

County, City / State / Zip Code

Defendant 2: JENNA SICKINGER

Name

100 AVENUE OF THE AMERICAS, 17th FLOOR

Address where defendant may be served

NEW YORK / NEW YORK / 10013

County, City / State / Zip Code

Defendant 3:

DUTCH EXPRESS, LLC
Name

100 AVENUE OF THE AMERICAS, 17th FLOOR
Address where defendant may be served

NEW YORK | NEW YORK | 10013
County, City | State | Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

DUTCH EXPRESS, LLC
Name

100 AVENUE OF THE AMERICAS
Address

NEW YORK | NEW YORK | 10013
County, City | State | Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ______

☑ color: BROWN, GULLAH GEECHEE

☐ religion: ______

☐ sex: ______

☑ national origin: GULLAH GEECHEE

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________________

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ______________

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ______________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ______________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

__________________________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☑ retaliated against me
- ☑ harassed me or created a hostile work environment
- ☑ other (specify): WAS FIRED WITH NO FAULT OF MY OWN; LOST OF WAGES

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED COMPLAINT

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OF THE COUNTY OF NEW YORK

---

YUSUF ASHFORD, PLAINTIFF

**COMPLAINT**

-AGAINST-

MARCUS HOED, OWNER, DEFENDANT

JENNIFER ERDAY, HUMAN RESOURCES ASSOCIATE, DEFENDANT
JENNA SICKINGER, HUMAN RESOURCES ASSOCIATE, DEFENDANT
ALFRED MORGAN, MANAGER, DEFENDANT

DUTCH EXPRESS, LLC, DEFENDANT
100 Avenue of the Americas
17th Floor
New York, NY ~~06896~~ 10013
(212) 717-5555

---

TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OF THE STATE OF NEW YORK:

The Complaint of the Plaintiff, Yusuf Ashford, respectfully shows and alleges as follows:

1. The Plaintiff herein, Yusuf Ashford, is a resident of the State of New York. Mr. Ashford resides at 78 Boyd Street, Apartment 1, Staten Island, NY
2. The Defendants herein Marcus Hoed, Jennifer Erday, Jenna Sickinger, Alfred Morgan, Dutch Express, LLC has a principal place of business at 100 Avenue of the Americas, 17th Floor, New York, NY. Defendant is engaged in the business of Mail Courier.
3. Defendant's management team constantly told Plaintiff that a metrocard was required. Plaintiff always recanted he did not need a metrocard. The labor disputes began on

11/15/2017. Normally assignments are given a two-hour window to complete; however, the Defendant, Marcus Hoed, maliciously gave Plaintiff an assignment that was already after the first hour. If having the metrocard was a necessity, it would be highlighted in the Dutch Express, LLC's Handbook and the Defendant could have sent Plaintiff home immediately. *See Protected Conduct i.e. the law protects employees from retaliation by employers for asserting protective rights.* **Any information herein omitted or uncovered at a later date, Plaintiff reserves the right to amend any and all oversights.**

4. A document requested each employee to download a certain application on their personal mobile device or to use the company's device. The Plaintiff elected to use the company device and this decision infuriated the Defendant, Marcus Hoed. Plaintiff has a good faith belief that Defendant's conduct was unlawful. **Employer never documented the actual events of dismissal. Not giving Plaintiff written notice is unlawful.**

5. According to DUTCH EXPRESS, LLC's 2017 Handbook, there is no reference towards Delivery Associate Walkers being prohibited from using their own modes of transportation to deliver packages to their clientele. On a memorandum dated January 2018, it reads *"This memo serves as a reminder of the information that was reviewed with you* ***at your time of hire****. As a Delivery Associate Walker, it is expected that all deliveries will be made via walking, use of city bus and/or city train. Delivery Associate Walkers are not authorized to use bicycles (personal or otherwise), drive a vehicle (personal or otherwise), or use any other modes of transportation in completing deliveries. Failure to comply with this or other company policies may result in disciplinary action, up to and including termination of employment.* The memo continues expecting a signature and

reads: *"I understand that as a Delivery Associate Walker, it is expected that I complete the deliveries assigned to me via walking, use of city bus or city train. I understand that I am not authorized to use bicycles (personal or otherwise) drive a vehicle (personal or otherwise), or use any other mode of transportation, when completing deliveries."* ON THE MEMO THERE IS NO INDICATION WHERE IT CAN BE FOUND IN THE 2017 EMPLOYEE HANDBOOK. Furthermore, there is no information about a "Delivery Associate Walker" being limited to using specific "modes of transportation of any sort in the Dutch Express, LLC Handbook, NOR does Plaintiff have any recollection of such information being introduced to him at his time of hire with Defendant Dutch Express, LLC.

On August 2017, Plaintiff arrived in New York State looking for employment. The Defendant employed Plaintiff on 10/1/2017 through 2/2/2018 and his pay stubs and Letter of Discharge reflect this statement. After being permanently discharged on February 2, 2018, twenty-five (25) days later, Plaintiff received from Defendant, Jenna Sickinger, Human Resources Associate, a Letter of Discharge dated February 27, 2018 via United States Postal Mail and the Plaintiff's Record Of Employment on March 3, 2018. *See Dutch Express, LLC Employee Handbook 2017 (Page 40); Final Paycheck, Benefits, and Termination Notices: "Within five (5) working days of the termination of employment, Dutch Express will provide former employees with written notice detailing the date of termination as well as the date of the cancellation of any employee benefits."* HOWEVER, SUCH LEGAL DOCUMENTATION WAS NOT RECEIVED

IN A TIMELY, LAWFUL MANNER BY PLAINTIFF AND DOES NOT REFLECT PLAINTIFF'S CHECK STUBS

Plaintiff's nationality is Gullah Geechee. Defendant(s), et. al are of European descent with the exception of Defendant Alfred Morgan. On November 15, 2017, the Defendant Marcus Hoed forced the Plaintiff to make a delivery located at 96th Street. Defendant knew Plaintiff did not have a New York Metropolitan Transit Authority metrocard. It had been mentioned to Plaintiff numerous times by Defendant that purchasing a metrocard was a requirement for all Dutch Express, LLC employees. Earlier Plaintiff had made it clear he did not have the funds to purchase the $32 metrocard, discounted for Dutch Express, LLC employees at $27.20. With this knowledge, Defendant Marcus Hoed ignored the two-hour window delivery and pressured the Plaintiff to make the delivery within one-hour. Defendant Marcus Hoed evidently decided to make an example of the Plaintiff and assigned the Plaintiff a job he felt was impossible to complete. Defendant Marcus Hoed verbally threatened to fire the Plaintiff, if the time constraints were not satisfied. Plaintiff felt pressured and fearful of losing his job. *(See, Google maps...it takes a minimum of 1 hour and 12 minutes to walk from Sixth West 35th Street to 750 Columbus Avenue at 96th Street, New York, NY)* Plaintiff picked up the delivery at 4:56 PM and arrived at the destination at 5:49 PM, minutes before the hour ended.

It is **NOT** expressed in the Dutch Express, LLC Handbook that a metrocard is necessary and/or required to complete a Dutch Express, LLC Delivery Associate Walker's work assignment. The Dutch Express, LLC Handbook 2017 does state, Section 5 Anti-Retaliation Policy, (Page 5), prohibits unlawful retaliation against employees. Unlawful retaliation may include taking adverse action...against employees who engage in protected activity such as

opposed discrimination or harassment in the workplace. *See Section 703 The Laws of New York Consolidated Laws Labor Article 20: New York State Labor Relations Act Rights of employees - "Employees shall have the right to engage in concerted activities, for the purpose of protection, free from interference, restraint, or coercion of employers."*

Initially, Defendant, Marcus Hoed, stated that Dutch Express, LLC employees direct all questions and or concerns to Defendant Alfred Morgan. On November 16, 2017, Plaintiff was in the middle of a conversation with Defendant Alfred Morgan and an IT Specialist regarding the Team On-the-Run application (app). Defendant Marcus Hoed, ran up to the group and rudely interrupted by saying, "Show me where, show me where, you're talking about!" He was referring to the document with options given to employees to either consent to either download the Team On-The-Run app onto their personal mobile devices or to use the company's electronic resources.

The Plaintiff stipulates that each employee has on his or her personal mobile device Amazon Flex application and now management wants employees to download Team On-the-Run application. Both applications are similar and Plaintiff chose not to add another app on his personal mobile devices. The Plaintiff has a right to protect his personal mobile device the same way that it is expressed in the *Dutch Express, LLC Handbook (Page 27), and Sections Permitted/Prohibited Uses of Dutch Express Electronic Resources. (See Laws that Protect Employees from Retaliation When They Exercise Those Rights). The DUTCH EXPRESS, LLC Handbook 2017, Section 5 Anti-Retaliation Policy, Page 5, prohibits unlawful retaliation against employees. Unlawful retaliation may include taking adverse action...against employees who engage in protected activity such as opposed discrimination or harassment in the workplace. (See Dutch Express Security video footage. Company claims they keep two (2) years footage)*

*Defendant refused to give an explanation and sent Plaintiff home 11/16/2017 (Plaintiff's last scheduled workday of that week).* Approximately, one week and a half later, Defendant's employees were no longer using The Team On-the-Run application.

Defendant temporarily discharged Plaintiff. Plaintiff did not return to Dutch Express, LLC until after one (1) full workweek. Plaintiff was spitefully withdrawn from the 2017 Thanksgiving Holiday work schedule - 11/19/2017 through 11/25/2017. Being removed from the schedule tremendously interfered with Plaintiffs livelihood and ability to honor his and his family's religious and cultural responsibilities, clearly a form of discrimination, retaliation, and harassment against Plaintiff by Defendant. Plaintiff never received a written notice from Defendant for being temporarily discharged in the week of 11/19/2017 through 11/25/2017. *...§523 as amended by L. 1975, Ch. 361, effective July 1, 1975; further amended by L. 1977, Ch. 675, and effective August 3, 1977 states "Every employer liable for contributions shall inform each employee of his right to file an application for unemployment benefits with a field office of the Department of Labor. "Effective day"; means a full day of total unemployment provided such day falls within a week in which a claimant had four or more days of total unemployment and provided further that only those days of total unemployment in excess of three days within such week are deemed...effective days.*

On 1/21/2018 through 1/27/2018, Plaintiff was already in the middle of the confirmed scheduled workweek. (*See email of confirmed schedule on request.)* On Tuesday, 1/23/2017, Plaintiff entered the workplace and Defendant Alfred Morgan asked him to sign the above memo concerning Dutch Express, LLC, and Delivery Associate Walkers. The Plaintiff immediately recognized it was a trick to harass and sabotage him. Plaintiff reasoned that he had never been

apprised of the non-use of personal or otherwise mode of transportation and recognized it as a treacherous trap to admit to a stipulation of which Plaintiff had no knowledge, and would result in his termination.

Due to the great volume of deliveries the Plaintiff was able to make over an extended period of time the owner/management knew he had another mode of transportation. The Plaintiff states that if he had known of these stipulations **"at time of hire"** he would **NOT** have used such mode of transportation. The Plaintiff feels this is another form of harassment and a unjustifiable method used to terminate his employment.

Plaintiff declined to sign the memo and again threatened to be terminated. Plaintiff retorted he had come to work on time and expected to complete the day. Plaintiff remained in the work area. In about an hour the Defendant Alfred Morgan asked if he wanted to make some deliveries. Plaintiff reminded him that he had not signed the memo—Defendant Alfred Morgan knew that to be the case. That same day, on Tuesday, 1/23/2018 Plaintiff was still clocked in at 3:58 PM through 12 AM. Then again, on Wednesday, 1/24/2018 Plaintiff clocked in at 3:58 PM through 11:33 PM. That evening, at 5:47 PM, Plaintiff received an email from Defendant Jennifer Erday of Human Resources, notifying him to meet her on Monday, 1/29/2018 in her office at 11 AM. Defendant also mentioned, "...I understand you had some questions regarding the new wage rate form. I am happy to meet with you and review the form...Plaintiff sent complaint via email to Defendant on Thursday, 1/25/2018 at 4:51 PM. At approximately 4:00 PM 1/25/2018 Plaintiff replied, "I, Yusuf Ashford have been threatened and terminated by Dutch Express, LLC administration and manager (Alfred Morgan) for refusing to sign a document that I received a couple days ago, although, I worked the past two (2) days. This document could have been

discussed at my upcoming meeting with Jennifer on Monday, 1/30/2018. Jennifer never mentioned in her email of pulling me off the schedule between now and Monday." Defendant Jennifer Erday responded on Friday, 1/26/2018 at 10:32 AM, "...The concerns you raised will be discussed in the meeting with Human Resources on Monday. You were removed from schedule pending the resolution of all questions/concerns." **Plaintiff never received a written timely notification of dismissal.**

NOTE: Plaintiff's fellow employees were present while the labor disputes took place between Plaintiff and Defendant(s). If Plaintiff would have not been maliciously removed from a five (5) day statutory workweek schedule, while being sent home on other days of temporary unemployment with no fault of his own and was ready, willing and able to work, Plaintiff would have been able to successfully meet his statutory MONETARY DETERMINATION requirements with the NEW YORK STATE DEPARTMENT OF LABOR *(Upon request, see check stubs)*. Instead, delays, confusion and refusal of the subsequent unemployment insurance benefits claim has created an inconvenience and great physical, mental and emotional hardship to Plaintiff during the initial and final encounter with Defendant through no fault of Plaintiff. Plaintiff would have been paid wages in jobs covered by Unemployment Insurance in at least two (2) calendar quarters. Consequently, the week (11/19/2017 through 11/25/2017) of unregistered temporary unemployment with the NEW YORK STATE DEPARTMENT OF LABOR eventually caused Plaintiff to be disqualified for receiving Unemployment Insurance Benefits with the NEW YORK STATE DEPARTMENT OF LABOR. *Plaintiff would currently be eligible to collect Unemployment Insurance Benefits. §472.8 Notice upon separation, Historical note: Section amendments filed July 8, 1965; October 16, 1968; July 6, 1970; September 10, 1974,*

*effective September 30, 1974 and immediately. Respectively amended (a) and (b) (Labor Law, §530, 575; Article 18). Such information shall be given "at the time of" each separation from his service if such separation is permanent or for an indefinite period.*

Defendant's racial treatment of Plaintiff was unprofessional and worse than the way employees are usually treated. The patterned interaction was evident from 11/15/2017 through 1/29/2018, between Defendant and Plaintiff is the cause of action that influenced Defendant's mistreatment of Plaintiff, restricting Plaintiff from employment and receiving holiday/overtime wages that was available to all other employees. This discrimination/harassment led to Plaintiff being excluded from scheduled hours within the week of 11/19/2017 through 11/25/2017. And because of the harassment, discrimination, and irrational decision-making of Defendant Marcus Hoed it was a direct result in the Plaintiff's lost of wages.

Plaintiff concludes Defendant Marcus Hoed, is guilty of harassment in all situations: (1) metrocard; (2) applying the Team On-The-Run application; and (3) declining to sign the transportation memorandum. *NOTE: However, none of these points are included in the Dutch Express, LLC Handbook as they specifically apply to the Plaintiff.* Also, the very last day of confirmed schedule 1/25/2018 the Plaintiff's pay stub does not reflect Plaintiff's arriving on-time at Dutch Express, LLC, whereas Plaintiff was ready, able and willing to work. Defendant Alfred Morgan sent Plaintiff home and told him to see Defendant Jennifer Erday, Human Resources on Monday, 1/29/2018.

During the meeting with Defendant Jennifer Erday she was trying to get Plaintiff to agree to a demotion of his job description and cancel his wage rates concerning tips; to sign the transportation memo; and to resign from Dutch Express, LLC. Plaintiff declined all

aforementioned recommendations. Plaintiff demands that Defendants be prosecuted to the fullest extent of the law.

Respectfully submitted,

Yusuf Ashford, Plaintiff,
Without Recourse
5/29/2018
yusufmalik.mail@gmail.com
(843) 591-4743

Signed before me this 29th day of May 2018. My commission expires

Notary

PRADIPCHANDRA RASIKLAL SHAH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6261185
Qualified in Richmond County
Commission Expires May 7, 2020

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? MAY 29th, 2018

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? JUNE 25, 2018

When did you receive the Notice? JULY 1, 2018

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

COMPENSATE / PAY ME FOR LOST OF WAGES, INCONVIENCES, BACK PAY, EMOTIONAL ~~DISTRESS~~ DISTRESS, AND ANY AND ALL DAMAGES THAT THE LAW ALLOWS RELIEF / PROVIDES

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

7/10/2018
Dated

[signature] Without Recourse
Plaintiff's Signature

YUSUF — M — ASHFORD
First Name — Middle Initial — Last Name

78 BOYD STREET APT. 1
Street Address

NEW YORK — NEW YORK — 10304
County, City — State — Zip Code

(843) 591-4743
Telephone Number

yusufmalik.mail@gmail.com
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 161-B (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Yusuf Ashford**
**78 Boyd Street Apt#1**
**Staten Island, NY 10304**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-04046** | **Philip Reo, Investigator** | **(212) 336-3772** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry

**Kevin J. Berry,**
**District Director**

6/25/18
*(Date Mailed)*

Enclosures(s)

cc:
**Jenna Sickinger**
**HR Associates**
**DUTCH EXPRESS LLC**
**100 Avenue Of The Americas**
**17th Fl**
**New York, NY 10013**